NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GILEAD SCIENCES, INC. and ROYALTY PHARMA COLLECTION TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> WATSON LABORATORIES, INC. and SIGMAPHARM LABORATORIES, LLC, <br><br> Defendants. | Civil No. 15-2350 (RMB/JS) (Consolidated) <br><br> **OPINION** |

This matter comes before the Court upon the parties' Markman briefs [Docket Nos. 62, 63, 65, 66] requesting the Court to construe certain disputed claim terms of United States Reissue Patent No. RE42,462 (the "'462 Patent"). The Court has reviewed the parties' submissions and conducted a Markman claim construction hearing on April 21, 2016.

The parties' claim construction dispute revolves around the inclusion of the term "hydroxyl" or "-$CH_2CH_2OH$," a chemical compound denoting hydroxyl, in five dependent claims, claims 15, 16, 18, 21, and 22, of the '462 Patent (collectively, the "Disputed Claims"). The parties agree that the terms "hydroxyl" and "-$CH_2CH_2OH$" do not require construction by the Court.

Rather, the parties disagree as to whether the terms are properly included in the Disputed Claims. Plaintiffs Gilead Sciences, Inc. and Royalty Pharma Collection Trust (together, the "Plaintiffs") contend that the inclusion of "hydroxyl" in substituent $R^6$ in claims 15, 16, 18, and 21 and the term "-$CH_2CH_2OH$" in substituent $R^6$ in claim 22 were included in error. Therefore, the Plaintiffs urge, the Court should judicially correct the claims by deleting the words from the Disputed Claims. Defendants Watson Laboratories, Inc. and Sigmapharm Laboratories, LLC (together, the "Defendants") argue instead that judicial correction under Novo Industries, L.P. v. Micro Molds Corp., 350 F.3d 1348 (Fed. Cir. 2003) and its progeny is inappropriate.

Claim construction is a question of law. See Markman v. Westview Instruments, Inc., 518 U.S. 370, 391 (1996). The Court determines the meaning of disputed claim terms as understood by one of ordinary skill in the art at the time of the invention. See Phillips v. AWH Corp., 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc). Claim terms generally should be given their ordinary and customary meaning to a person of skill in the art at the time of the invention. See id. To determine the ordinary meaning, the Court first looks to the intrinsic evidence, which includes the claims, the specification, and the prosecution history. Id. at 1312-17 ("Like the specification,

the prosecution history provides evidence of how the PTO and the inventor understood the patent.").

The starting point for claim interpretation is the claim language itself, which can "provide substantial guidance as to the meaning of particular claim terms."  Id. at 1314.  Thus, the language of the claims is paramount.  Pass & Seymour, Inc. v. Int'l Trade Comm'n, 617 F.3d 1319, 1324 (Fed. Cir. 2010); see Chef Am., Inc. v. Lamb-Weston, Inc., 358 F.3d 1371, 1374 (Fed. Cir. 2004) ("in accord with our settled practice we construe the claim as written, not as the patentees wish they had written it.").  The claims, however, "must be read in view of the specification, of which they are a part."  Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).  Extrinsic evidence, such as dictionaries, may be consulted to assist in understanding disputed terms.  Phillips, 415 F.3d at 1318.  Extrinsic evidence, however, must be "considered in the context of the intrinsic evidence."  Id. at 1317-19.

In a patent infringement suit, a court may properly interpret a patent to correct an obvious error.  I.T.S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 441-42 (1926).  Judicial correction is not meant to be "in any real sense, a re-making of the claim; but is merely giving to it the meaning which was

intended by the applicant and understood by the examiner." Id. at 442.

Judicial correction is proper "only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." Novo Industries, 360 F.3d at 1354. The error to be corrected "must be evident on the face of the patent." Fargo Elecs. v. Iris, Ltd., 287 F. App'x 96, 102 (Fed Cir. 2008) (citing Group One, Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, 1303 (Fed. Cir. 2005)). The Court should also consult the prosecution history, however, to determine whether only a single reasonable correction exists. Id. Furthermore, in determining whether it has authority to correct the Disputed Claims, this Court "must consider any proposed correction 'from the point of view of one skilled in the art.'" CBT Flint Partners, LLC v. Return Path, Inc., 654 F.3d 1353, 1358 (Fed. Cir. 2011) (quoting Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp., 587 F.3d 1339, 1353 (Fed. Cir. 2009)).

The Plaintiffs contend that the inclusion of hydroxyl in the Disputed Claims is an error obvious on the face of the patent, since the Disputed Claims, as written, do not narrow the independent claim upon which they depend. Although the Defendants agree that the Disputed Claims are improperly

4

dependent as written, the Defendants urge the Court to enforce the claims as they are because the error is not obvious on the face of the patent and there is reasonable debate as to how the error should be corrected.  The Court agrees with the Defendants.

Courts may not rewrite claims to correct material or substantive errors.  See Ultimax, 587 F.3d at 1353; Novo Industries, 350 F.3d at 1358.  Likewise, "courts may not redraft claims, whether to make them operable or to sustain their validity."  Chef Am., 358 F.3d at 1374.  In sum, Federal Circuit precedent indicates that judicial correction is a narrow remedy to be used sparingly.  It is the exception, not the rule, and should be employed only to correct an error that is so obvious that there is no question as to the proper correction.  See Novo Industries, 350 F.3d at 1358.

A review of Novo Industries and its progeny suggests that the first question this Court must ask in determining whether judicial correction is appropriate is whether the claim makes sense as written.  If the answer to that question is "no", then the error is obvious on the face of the patent and the inquiry continues.  See, e.g., CBT Flint, 654 F.3d at 1358 (where "district court was not required to guess which meaning was intended in order to make sense of the patent claim," the district court should have corrected "detect analyze" to "detect

5

and analyze") (emphasis added); <u>Ultimax</u>, 587 F.3d at 1353 (correcting what the Federal Circuit called "an obvious typographical error" by inserting comma between "f" and "cl" in chemical formula where it was undisputed that a person of ordinary skill in the art knew that "(f cl)" "<u>corresponds to no known mineral</u>") (emphasis added); <u>Lemelson v. Gen. Mills, Inc.</u>, 968 F.2d 1202, 1203 (Fed. Cir. 1992) (adding "toy" in claim where patent was clearly directed a toy trackway, rather than an actual trackway); <u>ISCO Int'l, Inc. v. Conductus, Inc.</u>, 2003 WL 276250, at *4 (D. Del. Feb. 10, 2003) (deleting "planar" from term "planar amplifiers" where parties agreed that term "planar amplifiers" is "<u>senseless</u> to any person skilled in the relevant art") (emphasis added).  The Court would then assess whether there is reasonable debate as to the proper correction and whether the prosecution history suggests a different interpretation.

If, however, the initial question is answered in the affirmative, meaning the claim makes sense as written, then the error is not obvious and judicial correction is inappropriate. <u>See</u> <u>Grp. One, Ltd. v. Hallmark Cards, Inc.</u>, 407 F.3d 1297, 1303 (Fed. Cir. 2005) ("The error here is not evident on the face of the patent.  The prosecution history discloses that the missing language was required to be added by the examiner as a condition for issuance, but one cannot discern what language is missing

6

simply by reading the patent. The district court does not have authority to correct the patent in such circumstances."). While this may not be the end-all be-all test for judicial correction, it is an informative framework that guides this Court's analysis.

Here, the Disputed Claims make sense as written. Therefore, the Court finds that, from the perspective of a person of ordinary skill in art, the inclusion of "hydroxyl" or "-$CH_2CH_2OH$" in the Disputed Claims is not an error obvious on the face of the '462 Patent. "Hydroxyl" and "-$CH_2CH_2OH$" are terms known to those skilled in the art and their inclusion does not render the claims nonsensical or grammatically incorrect.

The Plaintiffs argue that the inclusion of hydroxyl is an obvious error because it improperly broadens the scope of the dependent claims. Yet, in the Court's view, this amounts only to an argument that the Disputed Claims make sense, but are wrong. Judicial correction in this case is not appropriate.

While a patent attorney or patent examiner may recognize that the Disputed Claims, as written, are improperly dependent upon independent claim 1, it does not follow that a person of ordinary skill in the art of organic and/or medicinal chemistry would see the error, let alone the correction, as obvious and not subject to reasonable debate. Only when assisted by a "patent whisperer," so to speak, would a person of ordinary

7

skill in the relevant art view the Disputed Claims as nonsensical. Yet a person of ordinary skill in the relevant art does not have the benefit of such a "patent whisperer" who can identify words or terms in claims that would render the claims invalid as a matter of patent law, but that are not blatant errors as a matter of chemistry or grammar.

Additionally, the '462 Patent was prosecuted with the disputed terms in the five dependent Disputed Claims, as well as in independent claim 24, not at issue in this Order, and the error was never identified. Typographical or grammatical errors may frequently and easily be overlooked, despite being indisputably obvious errors. This is especially true during the hectic process of patent prosecution where the focus is on a patent's scope and validity and not its syntax. The inclusion of hydroxyl, however, goes precisely to the patent's scope and validity.

In this case, the Plaintiffs urge the Court to delete language that is "not merely cosmetic, but [which has] substantive significance." Novo Industries, 350 F.3d at 1358. This Court, following Novo Industries and its progeny, finds that "[t]hat is beyond its authority" and declines to judicially correct the Disputed Claims. Id. As both parties agree that the terms "hydroxyl" and "-$CH_2CH_2OH$" do not need construction, the Court finds that no construction is necessary and orders

8

that the terms shall be given their plain and ordinary meaning.

An accompanying Order shall issue on this date.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2016